PETITION OF ADELINE T. SPRAGUE *et al.* FOR AN OPINION.

PROVIDENCE—FEBRUARY 13, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Trusts. Change of Investment.*

A testamentary trust contained the following provision governing the powers of the trustees: "I . . . empower my trustees in their discretion to sell and dispose of any portion of the estates held by them under the trusts herein declared at public or private sale, . . . and to execute . . . any deeds . . . or other instruments necessary for the execution of the trusts; . . . if any portion of the estates . . . shall be sold, said trustees shall re-invest the proceeds thereof . . . in such safe and productive property, real and personal, as they shall deem most advantageous for the interests of said trust estates. . . ." It appeared that the real estate devised (of which the trustees held an undivided in-

terest) was considerable in amount, widely scattered, and could not be advantageously partitioned or sold in large tracts, while there was opportunity to sell small portions from time to time, but such sales were hampered by the fact of the large number of parties in interest necessary to sign the deeds, which difficulty would increase if the title became further divided in the future. The trustees were desirous of conveying their undivided interest to a corporation, the sole assets of which should consist of the real estate devised by the will, taking in exchange shares of the stock bearing the same proportion to the entire capital stock as their undivided interest bore to the entire interest :—

*Held,* that both under the power contained in the will, as well as under Gen. Laws R. I. cap. 208, § 14, the trustees could make such transfer.

PETITION for an opinion, asking the court for a construction of that portion of a will which states the powers of the trustees appointed thereunder, and for an answer to the question whether such trustees can convey their undivided interest in the real estate devised by the will to a corporation, the sole assets of which shall consist of the real estate belonging to the testator at the time of his decease, taking in exchange therefor shares of the capital stock of the corporation which shall bear the same proportion to the entire capital stock as the present undivided interest of the trustees bears to the entire interest therein.

The petition states that such real estate is considerable in amount ; that it is widely scattered ; that it cannot be advantageously partitioned, and cannot be sold to advantage as a whole or in large tracts, while there are constantly recurring opportunities to sell small parcels.

The attempt to make frequent sales of small parcels is hampered by the fact of the large number of parties necessary to sign such deeds, and such sales would become well-nigh impossible were the title to become further divided by the death of any of the present parties in interest, leaving minor children.

There are two sets of trustees appointed by the will. The first trust is created, by the fifth clause of the will, for the benefit of the wife of the testator during her life, and in this clause is the following language : "care being taken that said one-fifth shall be comprised of corporate stocks, bonds, and other productive estate which will be the least liable to

taxation and the least liable to deteriorate in value or income, and to keep the same safely invested and held, changing such investments only when necessary to prevent loss."

The second trust is created, by the sixth clause of the will, for the benefit of the daughter of the testator. The trustees thereunder are to " take the seisin and possession of said one-fourth part of said residue, to keep the same safely invested in good safe interest-bearing stocks, bonds, or other productive estate."

In the seventh clause of the will is the following language: " I hereby authorize and empower my said trustees in their discretion to sell and dispose of any portion or portions of the estates held by them under and upon the trusts herein declared at public or private sale  .   .   .   and to execute, seal, acknowledge and deliver any deeds, leases, or other instruments necessary or proper for the execution of the trusts herein created and the powers herein granted, and to receive deeds, leases, and other instruments from others. If any portion or portions of the estates held by said trustees shall be sold, said trustees shall re-invest the proceeds thereof without unnecessary delay in such safe and productive property, real and personal, as they shall deem most advantageous for the interests of said trust estates, having regard rather to the security of the investment and regularity of income than to large profits."

(1)    PER CURIAM. The court is of opinion that the trustees have power under the will to transfer the property to a corporation as set out in the petition. Gen. Laws cap. 208, § 14, also gives to trustees powers broad enough to cover this case. The plan suggested, though in form a sale, is really a transfer of title to a corporation for the purpose of convenience in making sales and in managing the property. As the corporation will hold the real estate and issue stock according to its value, the stock will stand for the value of the land. No substantial interest will be affected or changed.

*Comstock & Gardner*, for parties in interest.